NEW ORLEANS, NOVEMBER, 1872.          589

Bramstein & Bender et al. v. The Crescent Mutual Insurance Company.

No. 3018.—BRAMSTEIN & BENDER et al. v. THE CRESCENT MUTUAL
INSURANCE COMPANY.

A party who obtains a commission to take the testimony of witnesses named, is not bound
to take the depositions of all the witnesses named in the commission, under penalty
of the exclusion of the testimony of those which have been taken.

The testimony of the clerk of the court and the attorney for plaintiff is admissible to show
that the commissioner who took the testimony failed to annex the commission to the
testimony before returning it into the clerk's office.

It being shown to be a custom to consider all cotton shipped to a merchant as covered by an
open policy of insurance, unless the contrary is expressed in the bill of lading:

Held—That where no such reservation is expressed in the bill of lading, the insurance
company is bound, in case of loss, for all the cotton shipped.

APPEAL from the Fourth District Court, parish of Orleans.   *Théard,*
J.   *Wallace & Handlin,* for plaintiffs and appellees.   *M. M. Cohen,*
for defendant and appellant.

This case was tried by a jury in the court below.

LUDELING, C. J.   The plaintiffs claim of the defendant four thousand
and ninety-one dollars and four cents, with legal interest from the first
of March, 1866, as the amount of insurance due on twenty bales of
cotton shipped on the twenty-sixth of February, 1866, at Shreveport,
on the steamer Mary Hein to Fred Del Bondio, and by him insured
for them on his open policy with the defendant; and which cotton was
destroyed by fire on said steamer.

The plea of *lis pendens* was properly overruled.   The Supreme Court
having rendered a judgment of non-suit in the first case, that suit was
ended when the judgment of non-suit became final.   The defense was
a general denial.   The case was tried by a jury, who rendered a verdict
for the amount claimed, and the defendant has appealed.   The
defendant took three bills of exceptions during the trial of this cause,
which we will proceed to notice.

On the trial of a rule to show cause why testimony taken by com-
mission should not be read, the defendant objected to the evidence
filed on the twenty-seventh of November, 1869, because two witnesses
named in the commission, Pendery and Korty, were not examined, and
no reason was assigned by the commissioner why the testimony was not
taken.   None was necessary.   We know of no law which compels a
party to take the testimony of every witness named in a commission,
under the penalty of having the testimony which was taken rejected.
Neither has the defendant furnished us with any reason or law to
sustain his objection.

To the testimony filed on the seventeenth of February, 1870, he
objected, because no commission was annexed thereto, and he objected
to the reception of evidence to explain away his said objection.   The
evidence received by the judge *a quo* showed that the commissioner
who had taken the testimony had failed to return the commission with

the testimony, but that it had afterwards been forwarded with an explanation of the neglect. The clerk and attorney for plaintiff proved that the commission was sent with the interrogatories, and the one returned afterwards was the same which had been sent. We think the judge *a quo* ruled correctly in receiving the evidence, under the circumstances.

We deem it unnecessary to pass upon the other bills of exceptions in the record, because the evidence in the record is sufficient to establish the plaintiffs' case, if we exclude the evidence objected to by defendant in the other bills of exception.

On the merits but one question seems to be disputed—that is, that the twenty bales shipped on the Hein and destroyed, were covered by the open policy of Del Bondio.

On this point the proof is abundant. George Naylor and A. Pendery, for whose account the cotton was shipped, swear that they had instructed Fred Del Bondio, their consignee, to insure all consignments by them under his open policy. This is corroborated by the testimony of Charles Del Bondio, the brother and clerk of Fred Del Bondio. Naylor and Pendery further swear that before shipping the cotton, a Mr. W. H. Benton, an insurance agent at Shreveport, called on them to induce them to insure in the company he represented, but they declined on the ground that the cotton was insured under the open policy of Del Bondio. It is also proved to be a custom to consider all cotton shipped to a merchant who has an open policy as covered by it, unless it is expressed to the contrary on the bill of lading. The bill of lading in this case contains no such expression. And it further appears that on two other shipments of cotton by said parties to Del Bondio during the same month premiums were received from Del Bondio for the same by defendant. The telegrams sent by Naylor and Pendery do not militate against this view of the case. They instruct to insure for $225 per bale, whereas their former insurance was only $200 per bale—less than enough to cover loss, as appears from the evidence in this case.

We think, however, the verdict of the jury erroneous in allowing $4091 04. In the policy the cotton is valued at $200 per bale; twenty bales at that price would equal $4000, from which the premium, $138 34, must be deducted. And there was further error in allowing interest from first of March, 1866.

It is therefore ordered and adjudged that the verdict of the jury and the judgment of the court *a qua* be amended so as to reduce the amount of the judgment to three thousand eight hundred and sixty-one dollars and sixty-six cents, to bear interest at the rate of five per cent. per annum from the sixth of May, 1866, till paid.

It is further ordered that the defendant pay the costs of the lower court, and that the plaintiffs and appellees pay the costs of this appeal.